**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HOUSING AND RESIDENCE LIFE, LLC,**

　　　　　　**Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　**Case No.  6:12-cv-874-Orl-28TBS**

**UNIVERSAL TECHNICAL INSTITUTE OF**
**PHOENIX, INC.,**

　　　　　　**Defendant.**
_____

# ORDER

This case is before the Court on the Motion to Dismiss (Doc. 6) filed by Defendant and

the Memorandum In Opposition thereto (Doc. 14) filed by Plaintiff.  As set forth below,

Defendant's motion shall be granted but Plaintiff will be afforded an opportunity to file an

amended complaint.

## I.  Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed

factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S.

at 570).

"[A]nalysis of a 12(b)(6) motion is limited . . . to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997).  "Under Rule 10(c) [of the] Federal Rules of Civil Procedure, . . . attachments [to a complaint] are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985).  "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007).

## II.  Discussion

In its Complaint, Plaintiff brings a claim of breach of contract and a claim of breach of covenant of good faith and fair dealing.  (See Doc. 2).  Defendant alleges that the allegations of a contractual breach are not supported by the contract that Plaintiff attached to the Complaint and that the breach of covenant count fails because it is not tied to a contractual obligation.  Both points are well-taken.

The contract at issue is a "Dormitory Services Agreement" (Doc. 1-1) that pertains to provision of "dormitory style housing" by Plaintiff to Defendant.  Plaintiff alleges in the breach of contract count that Defendant "agreed to not enter into similar agreements with competing dormitory style housing companies" and that Defendant breached that provision by "contract[ing] with a competitive company to provide housing for its students." (Compl. ¶¶ 9-10).  Plaintiff further alleges that "[d]espite its contractual obligations, [Defendant] is not actively ensuring [that Plaintiff] is the exclusive housing provider . . . [and] has forced [Plaintiff] out of its campus based office in favor of the new company." (Id. ¶ 10).

As noted by Defendant, Plaintiff does not allege that Defendant has contracted with another to provide "dormitory style housing"—only that it has contracted with another to provide housing.  Additionally, Defendant correctly notes that the Dormitory Services Agreement does not require that Defendant ensure that Plaintiff "is the exclusive housing provider," nor does it require that Defendant allow Plaintiff to have a campus-based office.  Accordingly, the Complaint does not state a cause of action for breach of the contract attached to it, and Count I is insufficiently pleaded.

Additionally, "[u]nder Florida law the 'duty of good faith must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements.'" Perret v. Wyndham Vacation Resorts, Inc., No. 11-CV-61904, 2012 WL 3758036, at *9 (S.D. Fla. Aug. 28, 2012) (quoting Hosp. Corp. of Am. v. Fla. Med. Ctr., Inc., 710 So. 2d 573, 575 (Fla. 4th DCA 1998)).  "Thus, Plaintiff[] cannot allege a general breach of the covenant of good faith and fair dealing; [it] must allege the breach in conjunction with a specific provision of a contract." Id.  Count II also does not survive the motion to dismiss.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**.

2.  The Complaint (Doc. 2) is **DISMISSED without prejudice**.

3.  Plaintiff may file an amended complaint **on or before Friday, November 30, 2012**, if Plaintiff is able to state a viable cause of action.  Failure to file an amended complaint by

this deadline will result in dismissal of this case with prejudice.

   **DONE** and **ORDERED** in Orlando, Florida this 9th day of November, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record